

**ORDERED in the Southern District of Florida on July 14, 2010.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                             CASE NO. 10-13260-BKC-AJC

ANGELINA CLARO-LOPEZ,

    Debtor.
_____/

### MEMORANDUM DECISION SUSTAINING OBJECTION TO CONFIRMATION AND DIMISSING CASE

THIS CAUSE came before the Court for a confirmation hearing on June 15, 2010 at 9:01 a.m. on the Objection of BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP ("Creditor") to Confirmation of the Third Amended Chapter 13 Plan [DE #47]. The issues before the Court are whether the unsecured portion of Creditor's bifurcated claim is included in the calculation of total unsecured claims under 11 U.S.C. § 109(e) rendering the debtor ineligible to be a Ch 13 debtor and if not, whether the terms of the Third Amended plan are confirmable. After hearing the representations and arguments of counsel for the Creditor, Counsel for the Debtor Angelina Claro-Lopez ("Debtor) and having reviewed the relevant

1

documents, the Court determines that the unsecured portion of the Creditor's Proof of Claim must be included in determining the Debtor's unsecured debts for purposes of eligibility under 11 U.S.C. § 109(e), and Debtor is therefore ineligible to be a Chapter 13 debtor under the circumstances herein. Accordingly, confirmation of the Third Amended Plan is denied and this bankruptcy case is dismissed without prejudice.

## Background

On February 19, 2008 the Debtor entered into a loan agreement with the Creditor, to finance the purchase of real property located at 7111 S.W. 64th Court, South Miami, FL 33143-3244 (the "Collateral Property"). The Debtor executed a Promissory Note and first Mortgage duly recorded in the Public Records of Miami-Dade County, Florida. The Note provided for a principal balance of $875,000.00 to be repaid at an initial fixed rate of 5.875% per annum, interest only until March 1, 2013, and from then on the interest rate converts to an adjustable rate pursuant to paragraph 4(a) of the Promissory Note, and pursuant to paragraph 4(c) the monthly installment payments shall include payments of principal and interest necessary to fully amortize the loan on the maturity date of March 1, 2038. The Mortgage pledges the Collateral Property as collateral for the loan.

Debtor defaulted by failing to make the first installment payment due April 1, 2008, and all subsequent payments. Consequently Creditor filed a foreclosure lawsuit, Case No. 08-60081-CA-30 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida. On August 20, 2009 the Circuit Court entered a Final Judgment of Foreclosure in favor of Claimant in the amount of $954,005.40, which bears interest at 8.00% per annum. The Final Judgment of Foreclosure awarded the full principal balance plus interest from March 1, 2008, due to the Debtor's failure to make the first installment payment due April 1, 2008 and all

subsequent payments. The Final Judgment of Foreclosure set the sale of the Collateral Property for February 24, 2010 at 11:00 a.m. Debtor filed Chapter 13 bankruptcy on February 11, 2010, 13 days prior to the court ordered foreclosure sale date. Debtor's Schedules A and D listed the Collateral Property at the value of $510,000.00 with a Secured Claim in favor of the Creditor in the amount of $875,000.00 of which $365,000.00 was listed as unsecured on Schedule D Page 1.

Debtor filed a Motion to Value and Determine Secured Status of Lien on Real Property (First Mortgage) [DE # 23] on April 21, 2010. In the Motion, Debtor alleges: "At the time of the filing of this case, the value of the real property is $510,000.00 as determined by the attached Appraisal." Paragraph 5 of the same Motion alleges: "Accordingly, the value of Lender's secured interest in the real property is $475,000.00 and the value of the Lender's unsecured, deficiency claim is $399,000.00." A hearing was held on the Motion on May 18, 2010, at which the Court granted the Motion. The Order Granting Motion to Value and Determine Secured Status [DE #45] was docketed on June 10, 2010 and provided that the value of the Collateral Property was determined to be $475,000.00. Paragraph 4 of the Order provides that "The creditor, Countrywide, shall have a secured claim of $475,000.00 and an unsecured claim for the remaining balance of the mortgage."

Creditor's Proof of Claim No. 23 was initially filed as a Secured Claim in the amount of $990,597.37, but was subsequently amended to conform to the terms of the Order, being secured in the amount of $475,000.00 and unsecured in the balance of $515,597.39. On June 11, 2010, one day after the Order Granting the Motion to Value was docketed, and four days after the Third Amended Plan was filed, the Creditor filed its Objection to Confirmation of Third Amended Plan [DE # 47]. The Objection raised the issue that the Debtor is ineligible to be a Chapter 13 debtor pursuant to 11 U.S.C. § 109(e), by virtue of having unsecured debt in excess

3

of the permitted ceiling which was $336,900.00 at the time this bankruptcy was filed, but which ceiling was raised to $360,475.00 effective April 1, 2010. The $336,900.00 unsecured debt limit is applicable to the case at bar pursuant to 11 U.S.C. § 104(c). (Additional grounds for the Objection included Debtor's inability to pay the 60th Plan installment payment of $533,333.33, failure of the Plan to amortize the debt as required by the Promissory Note, exclusion of escrows in monthly payments, insufficient interest rate and omission of Debtor's rental income from the collateral property from Line 4 of the Statement of Current Monthly Income Form 22C; however, the Court addresses only the issue of eligibility in this Order.)

## Analysis

Eligibility to be a Chapter 13 debtor is determined by 11 U.S.C. § 109(e) which provides:

> **§ 109. Who may be a debtor**
> **(e)** Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900[1] and noncontingent, liquidated, secured debts of less than $1,010,650[2], or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $336,900[3] and noncontingent, liquidated, secured debts of less than $1,010,650[4] may be a debtor on chapter 13 of this title.

The computation of noncontingent, liquidated, unsecured debts for purposes of eligibility under 11 U.S.C. § 109(e) include the undersecured portion of secured debt. The 9th Circuit Court of Appeals addressed this issue in *In re Soderlund,* 236 B.R. 271 at 273-274 (Bankr. 9th Cir. 1999):

> The overwhelming majority of courts, including every circuit that has considered the question, have concluded that the undersecured portion of a

---

[1] This dollar amount was raised to $360,475 effective April 1, 2010.
[2] This dollar amount was raised to $1,081,400 effective April 1, 2010.
[3] This dollar amount was raised to $360,475 effective April 1, 2010.
[4] This dollar amount was raised to $1,081,400 effective April 1, 2010.

4

>secured creditor's claim should be counted as unsecured debt for § 109(e) purposes. *Matter of Day,* 747 F.2d 405 (7th Cir. 1984); *Miller v. U.S.,* 907 F. 2d 80 (8th Cir. 1990); *Brown & Co. Securities Corp. v. Balbus, (In re Balbus),* 933 F.2d 246 (4th Cir. 1991). This is impressive authority.
>
>The majority view advocates importing a § 506(a) analysis to § 109(e) to define 'secured' and 'unsecured'. This prevents raising form over substance and manipulation of the debt limits. Refusing to count the undersecured portion of a secured creditor's claim as unsecured debt ignores reality and could lead to absurd results. *In re Soderlund,* 236 B.R. 271 at 273-274 (Bankr. 9th Cir. 1999).

Other courts, including this one, have also determined that the unsecured portion of an undersecured debt is required to be included in the computation of the unsecured debt ceiling imposed by 11 U.S.C. 109(e). The undersigned stated in *In re Weiser,* 391 B.R. 902 at 908-909 (Bankr., S.D. Fla., 2008):

>As a threshold matter, the Debtors do not satisfy the eligibility requirements for Chapter 13 because their noncontingent and liquidated unsecured debts exceed the statutory maximum. This fact alone requires dismissal of their joint Chapter 13 case. The Debtors filed this proceeding as a joint case. Only joint debtors that owe, on the date of the petition 'noncontingent, liquidated, unsecured debts that aggregate less than $336,900' and 'noncontingent, liquidated, secured debts of less than $ 1,010,650' may be debtors under Chapter 13. *See 11 U.S.C. § 109(e).*
>
>**Bankruptcy courts must consider the unsecured portion of a secured claim when determining the Chapter 13 eligibility requirement.** *In re Scovis,* 249 F.3d 975, 983 (9th Cir. 2001); *In re Balbus,* 933 F.2d 246, 2478-248 (4th Cir. 1991); *In re Buis,* 337 B.R. 243 248 (Bankr. N.D. Fla. 2006).* (Emphasis supplied).

Judge Mark also addressed this issue in *In re Del Cristo,* 2004 Bankr. LEXIS 1883, 18 Fla. L. Weekly Fed. B 8 (Bankr. S.D. Fla. Oct. 19, 2004):

>… this Court agrees with a strong majority of courts, including several circuit courts, which have held that *§ 506(a)* applies in eligibility disputes to split claims into secured and unsecured portions. *See Scovis v. Henrichsen (In re Scovis), 249 F.3d 975, 983-84 (9th Cir. 2001)*

5

> (unsecured portion of undersecured debt is counted as unsecured for *§ 109(e)* eligibility purposes); *Ficken v. United States (In re Ficken)*, 2 F.3d 299 (8th Cir. 1993); *Born & Co. Sec. Corp. v. Balbus (in re Balbus)*, 933 F.2d 246 (4th Cir. 1991); *In re Day*, 747 F.2d 405 (7th Cir. 1984); *Soderlund v. Cohen (In re Soderlund)*, 236 B.R. 271 (9th Cir. BAP 1999). Following the majority rule here is particularly appropriate since the Debtor's schedules clearly reveal that a substantial portion of the IRS secured debt is undersecured.

Following the holdings in the foregoing cases, the Creditor's undersecured debt of $515,597.39 should be included in the unsecured portion of the total unsecured debt calculated under 11 U.S.C. § 109(e). With the inclusion of the unsecured portion of the undersecured debt, Debtor clearly exceeds the $336,900 unsecured debt limitation provided in 11 U.S.C. 109(e), thereby rendering the Debtor ineligible to be a debtor. Accordingly, it is

ORDERED AND ADJUDGED that the Creditor's Objection to Confirmation is SUSTAINED and the Creditor's request to dismiss this case for failure to meet the eligibility requirement of 11 U.S.C. 109(e) is GRANTED. This case is dismissed without prejudice. Any and all other relief requested but not specifically granted in this Order is denied.

###

Submitted by:

Gary S. Blake, Esq.
Gladstone Law Group, P.A.
1499 West Palmetto Park Road #300
Boca Raton, FL  33486

Attorney Blake is directed to serve a copy of this order on all interested parties and to file a certificate of service with the Clerk of the Court.